UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANNMARIE GREENE f/k/a ANNMARIE MOHAMMED, individually, and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br>v.<br><br>MANHATTAN LUXURY AUTOMOBILES, INC. d/b/a LEXUS OF MANHATTAN,<br><br>        Defendant. | Civil Action No. 21-1588<br><br>NOTICE OF REMOVAL |

      Defendant, Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan ("Manhattan Lexus"), hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1448. Removal is proper based on the District Court's federal question jurisdiction under 28 U.S.C. § 1331. In support of this Notice of Removal, Manhattan Lexus states as follows:

      1.      Manhattan Lexus exercises its rights under 28 U.S.C. § 1441 to remove this putative class action from the Supreme Court of the State of New York, County of New York County, filed on January 7, 2021, bearing Index No. 650094/2021. The State Action is attached hereto as **Exhibit A**. Removal is proper because, as outlined below, Plaintiff asserts a federal claim under the Telephone Consumer Protection Act of 1991, 42 U.S.C. § 227 (the "TCPA").

### Plaintiff's State Court Scheme

      2.      Plaintiff, Annmarie Greene ("Plaintiff"), is a named plaintiff in a related TCPA class action presently pending in this District Court under case caption *Brian Watson, et al., v. Lexus of Manhattan*, Docket No. 1:20-cv-04572(LGS) (the "First Federal Action").

      3.      Through this application, Manhattan Lexus has learned that Plaintiff filed a complaint in this Court on December 30, 2020, bearing the case caption *Annmarie Greene f/k/a*

1

*Annmarie Mohammed, individually, and on behalf of all others similarly situated v. Manhattan Luxury Automobiles, Inc., d/b/a Lexus of Manhattan*, under Docket No. 1:20-cv-11036(LGS) (the "Second Federal Action"). A true and accurate copy of the Docket Sheet for the Second Federal Action is attached hereto as **Exhibit B**.

4. The complaint filed in the Second Federal Action mirrors the state court complaint.

5. To that end, Plaintiff's counsel accompanied the filing of the Second Federal Action with a Related Case Statement, apprising this Court of the status of an earlier related case, to wit: the First Federal Action. (*See* Ex. B at ECF No. 2-1).

6. Plaintiff voluntarily dismissed the Second Federal Action on January 4, 2021, and, curiously, filed the State Action on January 7, 2021.

## Federal Question Jurisdiction

7. Removal of an action originally brought in a state court is proper under 28 U.S.C. § 1441 where the "civil action [is] brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

8. This Court's subject matter jurisdiction, and Manhattan Lexus's basis for removal, is founded 28 U.S.C. § 1331 – Federal Question.

9. Section 1331 provides the District Court original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States." 28 U.S.C. § 1331.

10. The State Action alleges that Manhattan Lexus sent text messages to Plaintiff and the class members through an automated dialing system and while Manhattan Lexus did not maintain do-not-call internal policies, and, in so doing, violated the "statutory rights of both Plaintiff and thousands of other class members" under the TCPA. (Ex. A, Complaint).

11. This Court has original jurisdiction over the State Action under Section 1331 because Plaintiff's Federal Claim under the Telephone Consumer Protection Act, 42 U.S.C. § 277, appears on the face of the notice and thus Plaintiff's action indisputably arises under federal law.

### Removal is Timely

12. Manhattan Lexus received copies of the Summons and Verified Complaint on or about February 18, 2021 by mail under written correspondence. Service was not properly effectuated. Removal is nevertheless timely. *See* 28 U.S.C. § 1448.

### Venue is Proper

13. Venue is proper as this Court is the district and division embracing the place in which the State Action was originally filed and pending. *See* 28 U.S.C. § 1441(a).

### No Waiver

14. By virtue of this removal petition, Manhattan Lexus does not waive its rights to assert any claims, defenses, pleas, or motions, including, if any, pleas in abatement, motions to compel arbitration, and motions for improper service.

### All Other Procedures for Removal Have Been Satisfied

15. Pursuant to 28 U.S.C. § 1446(a), copies of all process, orders or other documents received by Manhattan Lexus are attached as Exhibit A.

16. Manhattan Lexus will promptly file written notice of the filing of this Notice of Removal with the Supreme Court of the State of New York, County of New York and will serve a copy of same on Plaintiff pursuant to 28 U.S.C. § 1446(d).

17. Thus, all other procedures for removal have been satisfied.

**WHEREFORE,** defendant, Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan respectfully requests that this action be removed to the Southern District of New York.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | **STEVENS & LEE, P.C.** |
| Dated: February 22, 2021<br>New York, New York | s/ *Salvatore A. Giampiccolo*<br>Salvatore A. Giampiccolo<br>Stephanie Lopez<br>485 Madison Avenue, 20th Fl.<br>New York, New York 10022<br>Salvatore.giampiccolo@stevenslee.com<br>Stephanie.lopez@stevenslee.com |
|  | *Attorneys for defendant, Manhattan Luxury Automobiles, Inc. d/b/a Lexus of Manhattan* |

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2021, the foregoing Notice of Removal and Civil Cover Sheet were electronically filed and are therefore available for viewing on the Court's CM/ECF system.

I further certify that I caused to be served a copy of same upon counsel for Plaintiffs at the following address via electronic mail and Federal Express:

>Daniel Zemel, Esq.
>Elizabeth Apostola, Esq.
>ZEMEL LAW, LLC
>660 Broadway
>Patterson, New Jersey 07514
>dz@zemellawllc.com
>ea@zemellawllc.com

Dated: February 22, 2021                         By: _____
                                                 Salvatore A. Giampiccolo